IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVONTA B. MILLER,

                Plaintiff,

     v.                                     CASE NO. 21-3282-SAC

ARAMARK, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. His fee status is pending.

**Nature of the Complaint**

Plaintiff alleges between March 2021 and the present time, he has been served milk at meals despite his allergy. He also alleges that between December 2 and December 4, 2021, he has not been allowed out of his cell to shower.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim

for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

This matter is governed by the Prison Litigation Reform Act (PLRA). Under the PLRA, a prisoner is required to exhaust available administrative remedies before filing a federal lawsuit. 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See Peoples v. Gilman*, 109 F. App'x 381, 383 (10th Cir. 2004)(finding that the PLRA's exhaustion requirement applies to pretrial detainees).

Accordingly, a prisoner must follow the procedural steps required by the grievance system of the facility where he is incarcerated. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

Because plaintiff states in the complaint that he did not exhaust administrative grievances concerning his claims, the court will direct him to explain whether any circumstances prevented him from using the grievance procedure. If plaintiff simply chose not to use the grievance procedure, he must show cause why this matter should not be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **January 10, 2022**, to advise the court whether he attempted to use the grievance procedure and was unable to do so. If he did not use the grievance procedure for any other reason, he must show cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of December, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge