IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVONTA MILLER,

                Plaintiff,

vs.                                            Case No. 21-3282-SAC

ARAMARK and SHAWNEE COUNTY
JAIL,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration in the Shawnee County Jail. Plaintiff has presented his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the

elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. The complaint

The complaint names Shawnee County Jail and Aramark as defendants. Plaintiff alleges that his Eighth Amendment rights have been violated for two reasons. First, for several months he has been given milk on his food tray, and no substitute, even though he is allergic to milk and the food service provider – Aramark – is aware of plaintiff's allergy. Second, from December 2 to December 4, 2021, he was not allowed outside or "getting day room." Nor was he allowed a shower.

III. Screening

A. Standard applied.

It is not clear from plaintiff's allegations in the complaint whether plaintiff is serving a sentence (and therefore protected by the Eighth Amendment from unconstitutional conditions of confinement) or whether he is a pretrial detainee (and therefore protected by the Due Process Clause of the Fourteenth Amendment).[2] The same analysis, however, is applied. See Hooks v. Atoki, 983 F.3d 1193, 1203 (10th Cir. 2020)(Eighth Amendment analysis applies to failure to protect claim brought by pretrial detainee); Strain

---

[2] In another case recently filed by plaintiff, this court referred to plaintiff as a pretrial detainee. Miller v. Rucker, Case No. 21-3133, 2022 WL 370257 *1 (D.Kan. 2/8/2022).

v. Regalado, 977 F.3d 984, 991-93 (10th Cir. 2020)(Eighth Amendment deliberate indifference analysis governs claim alleging lack of adequate medical care for pretrial detainee).

    B. Serving milk

A prisoner may demonstrate a violation of the Eighth Amendment as to conditions of confinement if he shows that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832 & 834 (1994). In general, inmates are entitled to nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980). A prison official violates the Eighth Amendment when two requirements are met: 1) the deprivation alleged must have been, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and 2) the prison official must have possessed a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

The complaint does not allege facts showing that the food served to plaintiff has been nutritionally inadequate or that it has been an immediate danger to his health and well-being. Plaintiff alleges, without reference to medical authority, that he is allergic to milk. The complaint, however, does not allege that

4

plaintiff has suffered an injury of any kind or that his health has been seriously threatened by the diet he has been afforded. Therefore, plaintiff has failed to allege a violation of the Eighth Amendment or the Due Process Clause.  See Allen v. Correct Care Solutions, 2021 WL 954624 *3 (M.D.N.C. 3/4/2021); Manuel-Bey v. Phillips, 2016 WL 4073670 *3-4 (E.D.Mo. 8/1/2016); Jackson v. Gordon, 2014 WL 690643 *11 (M.D.Pa. 2/24/2014); Muhammad v. Sosa, 2008 WL 762253 *3 (D.Colo. 3/19/2008).

   C. Confinement in cell without a shower.

   Plaintiff's allegations regarding his confinement to his cell without the opportunity to go outside, use the dayroom, or take a shower are not sufficiently serious to describe a violation of the Eighth Amendment or the Due Process Clause.  See Ajaj v. United States, 293 Fed.Appx. 575, 584 (10th Cir. 2008)(year-long deprivation of outdoor exercise does not violated the Eighth Amendment); Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir. 1997)(although prison authorities cannot indefinitely prevent an inmate from receiving exercise outside of his cell because of scheduling conflicts, the Eighth Amendment would not be violated where such a conflict occurred for only a few weeks); Hightower v. Vose, 1996 WL 516123 *2 (1st Cir. 9/12/1996)(denial of shower for eight days is not unconstitutional); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989)(denial of recreation for 13 days is not cruel and unusual); Tucker v. Wall, 2010 WL 322155 *10

5

(D.R.I. 1/27/2010)(denial of showers and recreation for ten or 14 days); O'Mara v. Hillsborough County Dept. of Corrections, 2008 WL 5077001 *4 (D.N.H. 11/24/2008)(complaint of being denied exercise for 30 days does not state a constitutional claim); Martin v. Lane, 766 F.Supp. 641, 647 (N.D.Ill. 1991)(denial of outdoor exercise during lockdown periods lasting from one to eighteen days).

    D. Shawnee County Jail

This court has held that a county jail or detention center, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See Letterman v. Sedgwick County Jail, 2020 WL 4429397 *2 (D.Kan. 7/31/2020)(Sedgwick County Jail); Polk v. Labette County Jail, 2009 WL 634711 *1 (D.Kan. 3/11/2009); Gray v. Kufahl, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity). To sue on the basis of actions by the county jail, plaintiff should sue the Board of County Commissioners of Shawnee County or perhaps the Sheriff of Shawnee County in his official capacity. To state a successful claim, however, plaintiff must allege a policy or custom which may take one of the following forms: "(1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final

policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)(internal quotation marks and brackets omitted).  Plaintiff has not alleged facts showing a policy or custom for which a suable entity connected to the county is responsible.

    E. Aramark

    While Aramark may be considered as a person acting under color of state law for purposes of § 1983, it may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution.  See Rascon v. Douglas, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 2012); Lim v. Aramark, Inc., 2020 WL 4922197 *2 (D.Kan. 8/21/2020); Williams v. Correct Care Solutions, 2019 WL 2005920 *2 (D.Kan. 5/7/2019).  Plaintiff must allege facts showing a policy or a custom of Aramark that caused his injury.  Spurlock, supra.  The complaint fails to do so.

IV. In forma pauperis

In light of the financial information plaintiff submitted with Doc. No. 5, the court shall grant plaintiff leave to proceed in forma pauperis and not impose a partial filing fee.

V. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) shall be granted.  The court shall grant plaintiff time until March 16, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 16th day of February 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge